**UNITED STATES ex rel. BEERS v. SELECTIVE TRAINING AND SERVICE LOCAL BOARD NO. I, ROCK COUNTY, WIS.**

No. 511–Civil.

District Court, W. D. Wisconsin.

May 19, 1943.

Anna Mae Davis, of Madison, Wis., for petitioner.

STONE, District Judge.

Petition by Richard G. Beers for a writ of certiorari to be directed to Selective Training and Service Local Board No. 1, Rock County, Janesville, Wisconsin, commanding the clerk of said Board to certify to this Court for its review and determination the case of the petitioner in respect of his classification as a registrant for military service.

Petitioner is a male citizen over the age of 21, and, pursuant to the United States Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix § 301 et seq., and the rules and regulations promulgated under and by virtue of said Act, registered in February, 1942, and became subject to said Board. That he returned his questionnaire and was classified by the Board as I–A, from which classification he appealed, contending that he should be classified as IV–D. He was later classified as IV–E and ordered to report for final-type physical examination at Milwaukee on May 19, 1943.

Petitioner seeks by these proceedings to review the action of the local Board and for a stay of proceedings thereon pending action upon the petition herein.

This petition for certiorari was received by this Court on May 18th last. No notice of application for said Writ was served on the local Board.

Under the provisions of the Selective Training and Service Act the right of classification of a registrant is vested in the local Board, with the right of appeal from such classification as provided by the Act. It is a matter of common knowledge that members of the Local and Appeal Boards are carefully selected, and experience has disclosed that the Boards have exercised sympathetic and sound judgment in protecting the nation from selfish and fraudulent claims for exemption or deferment, while affording to each meritorious claimant the protection of his rights designed by the statute.

Congress has the power and could have imposed military service obligations upon all individuals within the scope of the law, without any attempt to establish exemption or deferment. The Act delegates to the President the full power and discretion to determine the classification of registrants. The local Boards are executive agencies, appointed by the President, and their error, if any, committed against those who are within the Act is an executive error in the enforcement of discretionary regulations. The Act provides that the decision of the local Boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe. It was not the intent of congress that these executive agencies, created to carry out unlimited discretion, were or are to be considered as quasi-judicial tribunals, discharging functions which pertain to the ordinary legal rights of a citizen. To do so would imperil and wreck the whole scheme, congressional and executive, in respect of the operation of the Selective Training and Service Act. The action of the Board is not quasi-judicial, and therefore not reviewable by this Court, and it follows that the Writ is not usable as a means of reviewing the action of the Board. I am firmly convinced that Courts should not exercise jurisdiction by Certiorari to correct any alleged misapplication by the local Boards of the provisions of the Act or of the rules and regulations promulgated under it.

This Court declines, for the reasons aforesaid, to take jurisdiction of the petition for the issuance of the writ to the Local Board.